FILED
97 MAR 12 AM 9:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| MARY FRANCES SARGENT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | CV-96-B-581-NW |
| ROLLING ACRES NURSING ) | |
| HOME, et al., ) | |
| ) | |
| Defendants. ) | |

ENTERED
MAR 12 1997

## MEMORANDUM OPINION

Currently before the Court is the motion of defendants, Beverly Enterprises - Alabama, Inc., d/b/a Florence Comprehensive Care Center, f/k/a Florence Rolling Acres Nursing Home and Administrator Bill Birmingham (hereinafter collectively referred to as "Beverly Enterprises"), for dismissal of the plaintiff's claims. Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the Court is of the opinion that the defendants' motion to dismiss is due to be granted.

The plaintiff alleges in her "Amended Complaint," filed on August 26, 1996, that the defendant: (1) discriminated against her because of her age in violation of the ADEA; (2) made defamatory statements about her in violation of state law; and (3) breached an implied contract of employment in violation of state law. The defendant moved the Court to dismiss the first two of these claims because they were not timely filed, and the third because the complaint failed to state a claim upon which relief could be granted.

## BACKGROUND

The plaintiff was hired by Beverly Enterprises as a nursing assistant trainee on March 10, 1994. The plaintiff's employment with Beverly Enterprises ended on April 7, 1994. The plaintiff subsequently filed a charge with the E.E.O.C. alleging violations of the Age Discrimination and Employment Act ("ADEA").[1]

The plaintiff was issued her right-to-sue notice on November 30, 1995. The date of receipt of the notice was December 4, 1995. *See* Fed. R. Civ. P. 6(a), (e). This notice warns the plaintiff that she must sue under the ADA and the ADEA "**WITHIN NINETY (90) DAYS from your receipt of this Notice; otherwise your right to sue is lost**." The plaintiff was also informed that she could request the appointment of an attorney, but that "[a] request for representation does not relieve you of the obligation to file a lawsuit within this 90-day period." Ninety days from the date of the plaintiff's receipt of the right-to-sue notice fell on March 4, 1996.

On February 16, 1996, the plaintiff filed an application for appointment of counsel and waiver of fees and costs in the United States District Court for the Northern District of Alabama. The plaintiff submitted a copy of her right-to-sue notice with the application, but did not submit a copy of her E.E.O.C. charge or affidavit. Attached to the application was a handwritten note, the first sentence of which read: "The alleged discrimination I believe to

---

[1] The charge also alleged a violation of the Americans With Disabilities Act, but the plaintiff did not pursue a disability discrimination claim.

2

be against me my age . . . ." The plaintiff's application contained no other reference to age discrimination and set forth no facts supporting this statement.

The 90-day limitations period for the plaintiff's ADEA claim elapsed on March 4, 1996. Subsequently, the Court entered an Order denying the plaintiff's application for an attorney and granting a waiver of fees and costs. This Order, dated March 7, 1994, further stated that the plaintiff's application

> ...shall be treated as a complaint under one or more of the Federal Civil Rights Acts, and deemed filed on the date of application, but an amended complaint, complying with the Federal Rules of Civil Procedure (and, in particular, referring to the federal statute or statutes being invoked) and suitable for service on the defendants named therein, shall be filed with the court within thirty (30) days from the date hereof (unless extended by order of the court), failing which this cause shall be dismissed for want of prosecution.

On April 9, 1996, the plaintiff, acting *pro se*, filed a handwritten document that did not reference any federal civil rights statute or set forth any facts to support a claim of discrimination under any statute. This handwritten submission was filed 36 days after March 4, 1996, the date on which the 90-day limitations period for filing a federal discrimination suit had run.

On April 15, 1996, Beverly Enterprises received a summons, a copy of the plaintiff's application for an attorney and waiver of fees, and a copy of the plaintiff's April 9, 1996 handwritten submission to the Court. The defendant filed an answer on May 6, 1996, contending *inter alia* that: (1) the plaintiff failed to satisfy all requisite conditions precedent to filing an action under the ADEA, including failing to file a complaint that comported with

3

Rule 8 of the Federal Rules of Civil Procedure within 90 days after receiving her right-to-sue notice; and (2) the plaintiff's application for counsel and waiver of fees and costs and the plaintiff's handwritten "amended complaint" failed to state a claim upon which relief could be granted against the defendant.

At a scheduling conference on July 22, 1996, the Court informed the plaintiff that her previous filings failed to comport with Rule 8. The Court questioned whether it should have dismissed this action earlier and ordered the plaintiff to file an "amended complaint" by August 26, 1996, that satisfied the requirements of Rule 8. The plaintiff obtained counsel, who filed an amended complaint on her behalf on August 26, 1996. Shortly thereafter, the defendants filed their motion to dismiss.

## STANDARD OF REVIEW

When ruling on a motion to dismiss, the court must assume that the factual allegations in the complaint are true. *Neitzke v. Williams*, 490 U.S. 319, 326, 109 S. Ct. 1827, 1832 (1989). Assuming that the facts are true, a complaint may be dismissed if no set of facts alleged would entitle the plaintiff to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984).

## DISCUSSION

The plaintiff's August 26, 1996 "Amended Complaint" alleges that the defendants' treatment of the plaintiff violates the ADEA. A lawsuit alleging age discrimination must be brought within 90 days from the issuance of the E.E.O.C.'s right-to-sue notice. 29 U.S.C. § 626(e). The plaintiff was notified of her right to sue on December 4, 1995. Although the

plaintiff filed an application for an attorney containing her right-to-sue notice and a two-page handwritten submission, she did not state a cognizable claim for relief under the ADEA until August 26, 1996, more than seven months after the 90-day limitations had run. Her age discrimination claim, therefore, was not timely filed.

The plaintiff's filing of her right-to-sue notice and request for appointment of counsel does not satisfy the requirements of Rule 8. *See Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 104 S. Ct. 1723 (1984). In *Baldwin*, the E.E.O.C. issued the plaintiff a notice of her right to sue on January 27, 1981. *Id.*, 104 S. Ct. at 1724. Brown subsequently mailed the notice and request for appointment of counsel to the United States District Court, where it was received on March 17, 1981. *Id.* Brown ultimately filed an amended complaint on June 9, 1981, 130 days after her receipt of the right-to-sue notice. *Id.* The Supreme Court held that Brown's Title VII claim should have been dismissed because of her failure to file a complaint complying with Rule 8 within the 90-day limitations period, reversing the Eleventh Circuit's holding that the filing of the right-to-sue notice tolled Title VII's limitations period. *Id.*

Similarly, the plaintiff in this case failed to file a complaint stating an ADEA claim prior to the expiration of the 90-day limitations period. As this Court stated in its July 23, 1996 Order, Rule 8 requires that a complaint contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds for jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for

judgment for the relief the pleader seeks." No documents submitted by the plaintiff prior to the August 26, 1996 "Amended Complaint" satisfied these requirements. *Baldwin*, 104 S. Ct. at 1724; *Firle v. Mississippi State Dept. of Educ.*, 762 F.2d 487, 489 (5th Cir. 1985).

The facts in this case are distinguishable from those in *Goldsmith v. City of Atmore*, 996 F.2d 1155 (11th Cir. 1993); *Robinson v. City of Fairfield*, 750 F.2d 1507 (11th Cir. 1985); and *Judkins v. Beech Aircraft Corp.*, 745 F.2d 1330 (11th Cir. 1984). The plaintiffs in those cases submitted initial filings to the court within the 90-day period that set forth the factual basis for the claims of discrimination in considerable detail. *Goldsmith*, 996 F.2d at 1161; *Robinson*, 750 F.2d at 1511; *Judkins*, 745 F.2d at 1332. In this case, the plaintiff did not file her E.E.O.C. charge or affidavit with the Court. Furthermore, the plaintiff did not set forth in her application for appointment of counsel the factual basis for a claim of age discrimination. Instead, she made one passing conclusory reference to age discrimination on the handwritten page attached to her application. This reference does not constitute the short plain statement of an ADEA claim required by Rule 8. *See e.g., Coon v. Georgia Pacific Corp.*, 829 F.2d 1563, 1569 (11th Cir. 1987) (citing with approval *Ogletree v. McNamara*, 449 F.2d 93, 98-99 (6th Cir. 1971) (something more than a conclusory allegation of discrimination is required; some facts as to when, how, to whom and with what results such discrimination has applied are minimum requirements of Rule 8(a)); *Bivens v. Jeffers Vet Supply*, 873 F. Supp. 1500, 1510 (M.D. Ala. 1994).

Neither the law nor the facts of this case justify any tolling of the 90-day limitations period. The plaintiff was clearly informed in her right-to-sue notice that she had 90 days

within which to file a suit and that the filing of an application for appointment of an attorney would not extend this deadline. The plaintiff ignored these explicit warnings and did not file anything resembling a complaint until after the 90-day statutory period had expired.

Nothing occurred between December 4, 1995 and March 4, 1996 that would justify tolling the limitations period. Although the Court Order entered March 7, 1996 states that the plaintiff's application is to be treated as a complaint and deemed filed on the application's filing date, the 90-day limitations period elapsed before the plaintiff received this Order.[2] The plaintiff cannot claim reliance on the Order to argue for equitable tolling of a limitations period that had already run. Subsequent communications from the Court to the plaintiff do not give new life to a time-barred claim and do not cure the plaintiff's lack of diligence in filing a complaint prior to March 4, 1996. Indeed, in hindsight, the March 7, 1996 Order should not have been entered because plaintiff's claim was already time-barred at the time the Order was entered.

The Amended Complaint filed on August 26, 1996, does not relate back to the date of the filing of the plaintiff's application for appointment of counsel and waiver of fees. Rule 15(c) of the Federal Rules of Civil Procedure states in relevant part that an "amendment to a pleading relates back to the date of the original pleading when... the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." The critical issue in determining the

---

[2] The Order itself indicates that the plaintiff's application does not constitute a complaint within the meaning of the Federal Rules of Civil Procedure.

timeliness of an amendment is whether the original filing gave notice to the defendant of the claim being asserted. *See*, *e.g. Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993). In *Baldwin*, the Supreme Court held that a Title VII plaintiff's untimely complaint would not, under Federal Rule of Civil Procedure 15(c), relate back to the date on which she filed her right-to-sue notice, because the notice did not give the defendant requisite "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Baldwin*, 104 S. Ct. at 1725, n. 3. This standard is the same as that required by Rule 8(a) for a complaint, which the plaintiff did not meet prior to filing her "Amended Complaint" on August 26, 1996. *See generally Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99, 103 (1957). Because the plaintiff failed to timely file any short plain statement of her claim alleging the facts upon which it rested, such that the defendant would have received fair notice of her claim, there is simply no timely pleading to which the "Amended Complaint" could relate back.

The plaintiff's application for appointment of counsel containing her right-to-sue notice did not adequately notify defendants of what claim was being asserted and the facts upon which it rested. *See Baldwin*, 104 S. Ct. at 1725, n. 3; *Firle*, 762 F.2d at 489. Consequently, there cannot be any relation back under Rule 15(c).

## CONCLUSION

Based on the foregoing, the Court is of the opinion that the plaintiff's ADEA claim was not timely filed and is thus due to be dismissed with prejudice.

The Court declines to exercise jurisdiction over the plaintiff's two state law claims in light of its dismissal of the only federal claim. Accordingly, the claims of defamation and breach of implied contract are dismissed without prejudice.

**DONE** this 12th day of March, 1997.

                                                                  _____
                                                                  **SHARON LOVELACE BLACKBURN**
                                                                  United States District Judge